## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS BAILEY,** | : | **CIVIL NO. 3:CV-06-1707** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY BEARD, et al.,** | : | |
| **Defendants** | : | |

### MEMORANDUM

Plaintiff Demetrius Bailey, ("Plaintiff"), an inmate incarcerated at the State

Correctional Institution at Greene, Waynesburg, Pennsylvania, commenced this civil rights

action on August 31, 2006. He is proceeding *via* a second amended complaint. (Doc. 13.)

Presently pending are  motions to dismiss the complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6), filed on behalf of Defendants District Attorney Frank Cori and Detective

Dolores Malec (Doc. 52), and Defendant Magisterial District Judge Bernadette Nahas (Doc.

67.)[1] The motions are ripe for disposition. For the reasons set forth below, the motions will

be granted.

### I.       Allegations of the Complaint

On February 13, 2005, Plaintiff forwarded a private criminal complaint "under Pa. R.

Crim. P. 504," to District Attorney Cori stating that he had been assaulted by prison guards.

(Doc. 13, at 7, ¶ 27.) In response, he received correspondence from Detective Malec which

---

[1]Also pending is a motion for summary judgment pursuant to Federal Rule of Civil
Procedure 56, filed on behalf of all other Defendants. (Doc. 38). That motion will be
addressed in a separate memorandum and order.

directed him to contact Magisterial District Judge Nahas for private criminal complaint

forms. (Id. at ¶ 28.)  He indicates that he requested the forms from Defendant Nahas on three

separate occasions but, rather than send him the forms, she forwarded his correspondence to

the Pennsylvania Department of Corrections.  (Id. at ¶¶ 29-30.)  He alleges that these

defendants were "conspiring with racial discrimination to file criminal charges about

assaults" and that they denied him the "right to file state and federal criminal civil rights

violations to cover-up the assaults and to seek avenue to courts cause Plaintiff is a black

person." (Id. at ¶ ¶ 31, 46.)

## II.    Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

complaints that fail to state a claim upon which relief can be granted.  FED. R. CIV. P.

12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as

true all factual allegations in the complaint and all reasonable inferences that can be drawn

therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489

F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Although the court is generally limited in its review to the facts in the complaint, it "may also

consider matters of public record, orders, exhibits attached to the complaint and items

appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d

1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d

1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Montville Twp. v. Woodmont Builders, LLC, 244 Fed. Appx. 514, 517 (3d Cir. 2007) (quoting Twombly, ___ U.S. at ___, 127 S. Ct. at 1969).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.   **Discussion**

Plaintiff essentially alleges that Defendants Cori, Malec and Nahas engaged in a race-based conspiracy to cover-up assaults by prison staff by denying him access to the courts. The civil rights conspiracy statute, 42 U.S.C. § 1985, was enacted to combat conspiracies

3

motivated by racial or class-based discrimination.  Griffin v. Breckenridge, 403 U.S. 88, 91

(1971).  The United States Court of Appeals recently summarized the requirements of a civil

rights conspiracy claim as follows:

> Section 1985(3) permits an action to be brought by one injured by a conspiracy
> formed "for the purpose of depriving, either directly or indirectly, any person or
> class of persons of the equal protection of the laws, or of equal privileges and
> immunities under the laws."  42 U.S.C. § 1985(3).  In a line of cases beginning
> with Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971),
> the Supreme Court has made clear what a plaintiff must allege to state a claim
> under § 1985(3):  "(1) a conspiracy; (2) for the purpose of depriving, either
> directly or indirectly, any person or class of persons of the equal protection of the
> laws, or of equal privileges and immunities under the laws; and (3) an act in
> furtherance of the conspiracy; (4) whereby a person is injured in his person or
> property or deprived of any right or privilege of a citizen of the United States."
> United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29, 103 S.Ct.
> 3352, 77 L.Ed.2d 1049 (1983) (citing Griffin, 403 U.S. at 102-03, 91 S.Ct. 1790).

Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006).  In setting forth a conspiracy

claim, a plaintiff cannot rely on broad or conclusory allegations.  D.R. by L.R. v. Middle

Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle,

871 F.2d 331, 366 (3d Cir. 1989).  Rather, a cognizable conspiracy claim must contain

supportive factual allegations which "address the period of the conspiracy, the object of the

conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."

Rose, 871 F.2d at 366.

Viewing the complaint in the light most favorable to Plaintiff, he has nevertheless

failed to state a viable conspiracy claim against Defendants.  He alleges in conclusory fashion

that Defendants conspired to deny him access to the courts with respect to the filing of his

private criminal complaint.  The conspiracy claim is devoid of specific averments of fact

which tend to show a meeting of the minds or some concerted activity between the

Defendants to deny Plaintiff access to the courts, or otherwise violate his civil rights.

Instead, he relies on subjective suspicions and unsupported speculation. This is insufficient to

state a conspiracy claim. Defendants' motions to dismiss will be granted.

      An appropriate order will issue.

                                    **BY THE COURT:**

                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**

Dated: September 29th, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS BAILEY, | : | CIVIL NO. 3:CV-06-1707 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| JEFFREY BEARD, et al., | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 24 day of September 2008, in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1.    The motions to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Defendants Cori and Malec (Doc. 52) and Defendant Nahas (Doc. 67) are GRANTED.

2.    The Clerk of Court is directed to NOTE on the docket sheet that these Defendants are terminated.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court